IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JAIRO JOSUE TAYMUNDO VASQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-884 (LMB/WBP) |
| | ) | |
| DONNOVAN WRIGHT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Jairo Josue Taymundo Vasquez ("Vasquez"), a native and citizen of

Guatemala, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28

U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of

Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since

March 2026. Specifically, he alleges that his characterization by DHS as an "applicant for

admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8

U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his due process

rights (Count II).

Vasquez is currently detained at the Farmville Detention Center, which is within this

Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the

Farmville Detention Center. Vasquez has also sued Donnovan Wright, the Director of the

Washington Field Office of ICE's Enforcement and Removal Operations division; Markwayne

Mullin, the DHS Secretary; Pamela Bondi, the former Attorney General; the Department of

Homeland Security; and the Executive Office for Immigration Review (collectively, "the federal

respondents"). For the reasons discussed in this Order, the Court finds that Vasquez is detained

pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted, and the federal respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

I.

According to his Petition, Vasquez entered the United States in 2022. [Dkt. No. 1] at 8. He filed his Petition for Writ of Habeas Corpus on March 31, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas case." [Dkt. No. 4] at 1–2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Vasquez's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition— which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained

2

after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Vasquez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[1] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while

---

[1] The overwhelming majority of district courts to consider this issue have held that the detention scheme applicable to noncitizens already residing in the United States is 8 U.S.C. § 1226(a). See Barco Mercado v. Francis, 2025 WL 3295903, at *4 nn. 22–23 (S.D.N.Y. Nov. 26, 2025) (collecting hundreds of federal decisions holding that § 1226(a) is the applicable detention scheme for noncitizens already present in the United States); see also Kyle Cheney, Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy, POLITICO, https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614?_sp_pass_consent=true (last updated Mar. 10, 2026).

Although the Court is aware of the Fifth Circuit's decision reaching a contrary conclusion, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), that decision is not binding here, see CASA de Md., Inc. v. Trump, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by the Fifth Circuit majority's rationale for many of the reasons cogently set forth in Judge Douglas's dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent.

3

simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). The Court has previously addressed several of these points in Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025), and adopts the findings and conclusions in Hasan into this Order.

Vasquez has been present in the United States since 2022. [Dkt. No. 1] at 8. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Vasquez's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Vasquez's continued detention is unlawful.

### III.

For all these reasons, Vasquez's Petition, [Dkt. No. 1], is GRANTED, and it is hereby ORDERED that by 5:00 PM on April 4, 2026, Vasquez be released from custody with all his personal property in order to appear at a bond hearing before an Immigration Judge. Vasquez must live at a fixed address which he must provide to the federal respondents[2]; and it is further

---

[2] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.

ORDERED that respondents provide Vasquez with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Vasquez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Vasquez is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Vasquez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

ORDERED that if Vasquez is released on bond, the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Vasquez unless he (1) commits a violation of any federal, state, or local law; (2) fails to comply with the conditions of his release; (3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid, final order of removal.

The Clerk is directed to enter judgment in Vasquez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 3rd day of April, 2026.

Alexandria, Virginia

_____ /s/ _____
Leonie M. Brinkema
United States District Judge

5